

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

CHELSEA WEISBORD
CWEISBORD@SOKOLOFFSTERN.COM

October 30, 2024

**Via ECF**
Honorable Joan M. Azrack
United State District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Wortham et al v. Wantagh Union Free School District et al.*
               Docket No. 2:24-cv-03553 (JMA)(SIL)

Your Honor:

      We represent Wantagh Union Free School District in this action. We write to request a pre-motion conference in anticipation of moving to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and (6).

      Plaintiffs Roosevelt Union Free School District, its Board of Education, and Superintendent of Schools (hereinafter "Plaintiffs") assert a smorgasbord of claims stemming from a post-season playoff basketball game between Roosevelt UFSD and Wantagh UFSD that occurred on February 17, 2024. Plaintiffs allege that during the basketball game, unidentified white students acted in a racially discriminatory manner toward black students from Roosevelt UFSD. Plaintiffs' claims cannot withstand a motion to dismiss for the various reasons discussed below.

**Plaintiffs Do Not Have Article III Standing To Assert Their Claims Federal Claims**

      To have Article III standing, a plaintiff must clearly allege facts demonstrating they: (a) suffered an injury in fact; (b) that is fairly traceable to the challenged conduct of the defendants; and (c) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To satisfy the "injury in fact" element, plaintiffs must show they suffered an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id.* at 1548.

      A court must dismiss a claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction in the absence of Article III standing. *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015). As the Second Circuit has held: "because standing is necessary to [the Court's] jurisdiction, [the Court is] obliged to decide the question [of standing] at the outset." *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016) (citation omitted); *see also Buonasera v. Honest Co.*, 208 F.Supp.3d 555, 560 (S.D.N.Y. 2016) (courts deciding a motion to dismiss should first analyze jurisdictional issues such as standing first in a motion to dismiss analysis).

      Plaintiffs have no direct standing. The Amended Complaint is devoid of any specific factual allegations of actual, concrete injury sustained by the Roosevelt Union Free School District, its Board of Education, or its Superintendent of Schools. Plaintiffs have no standing to assert the constitutional rights of third parties. *See Disability Rts. New York v. New York State*, 2024 WL 20753, at *5 (E.D.N.Y. Jan. 2, 2024) ("a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties"); *see also United States v. Hansen*,

599 U.S. 762, 764, (2023) (holding "litigants typically lack standing to assert the constitutional rights of third parties") (citation omitted). In other words, they cannot assert constitutional rights on behalf of their students.

**Plaintiffs' § 1983 Claims Fail on Substantive Grounds**

To state a claim under § 1983, a plaintiff must allege defendants violated his or her federal rights while acting under color of state law. *See Amid v. Chase*, 720 F. App'x 6, 11 (2d Cir. 2017). The Amended Complaint comes nowhere near satisfying these basic tenants of a § 1983 claim. Here, Plaintiffs claim a group of unidentified students in attendance at the basketball game engaged in conduct that subjected Roosevelt students to race-based discrimination. But such conduct cannot give rise to a § 1983 claim against the Wantagh UFSD, as students are not state actors. Plaintiffs do not allege any District officials or employees engaged in discriminatory conduct toward them or any of their students—and they didn't.

Plaintiffs also have not demonstrated their constitutional rights were violated, as required to state a § 1983 claim. Notwithstanding their utter lack of Article III standing, Plaintiffs have not satisfied the requisite elements of their federal claims. They have no viable equal protection claim (First Cause of Action). To state a race-based claim under the Equal Protection Clause, plaintiffs must allege that a government actor intentionally discriminated against them on the basis of their race. *Z.F.X. by Vankesteren v. Riverhead Cent. Sch. Dist.*, 2021 WL 1238842, at *4 (E.D.N.Y. Apr. 2, 2021). In the school setting, a violation of the Equal Protection Clause can arise from direct action or due to deliberate indifference. *Id.* Here, Plaintiffs have not plausibly alleged the Wantagh UFSD or any of its employees engaged in any conduct that could be construed as intentional discrimination. Plaintiffs' conclusory allegations are insufficient and cannot survive a motion to dismiss.

Where, as here, a substantive due process claim (First Cause of Action) is predicated on the same factual allegations as a separate claim based on another source of constitutional protection, like the Equal Protection Clause, the substantive due process claim must be dismissed. *See Z.F.X. by Vankesteren*, 2021 WL 1238842, at *4 (collecting cases). Regardless, Plaintiffs do not allege the Wantagh UFSD engaged in the type of arbitrary, conscience shocking, or oppressive conduct required to trigger due process protection. *See e.g., A.F. by Fenton v. Kings Park Cent. Sch. Dist.*, 341 F. Supp. 3d 188, 195 (E.D.N.Y. 2018).

Without any underlying constitutional violations, Plaintiffs' *Monell* claim failed as a matter of law. *See Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). Regardless, Plaintiffs fail to state any constitutional claim against the Wantagh UFSD, as the alleged conduct does not satisfy the strictures of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). They claim unidentified students and spectators acted in a discriminatory manner at the February 17, 2024 basketball game. But students are not even state actors, let alone final policymakers capable of binding the District under *Monell*. As discussed above, the Amended Complaint does not plausibly allege a constitutional violation by any District employee, much less one with final policy making authority. Plaintiffs' conclusory allegations of a "systematic policy, pattern, and/or practice of discrimination against Plaintiff" cannot trigger *Monell* liability. *See Lee-Walker v. New York City Dep't of Educ.*, 712 F. App'x 43, 45 (2d Cir. 2017) ("allegations that DOE acted pursuant to its practices, customs, and policies are insufficient to state a plausible *Monell* claim against DOE.").

**Plaintiffs Have no Viable § 1985 Conspiracy Claim**

Plaintiffs have no viable conspiracy claim (Second Cause of Action) either. To state a claim of conspiracy pursuant to 42 U.S.C. § 1985, a plaintiff must show (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See Zhang Jingrong v. Chinese Anti-Cult World All.*, 287 F. Supp. 3d 290, 297 (E.D.N.Y. 2018). This requires "specific factual allegations" regarding both the existence of the conspiracy and the discriminatory intent of the conspirators. *See Chillemi v. Town of Southampton*, 943 F. Supp. 2d 365, 382 (E.D.N.Y. 2013). Vague and conclusory allegations will not suffice. *Id.* (collecting cases). Here, Plaintiffs' conspiracy allegations are based on the barest of conclusory claims. Plaintiffs do not allege who conspired, when, how, why, or what actions any particular individual took in furtherance of any conspiracy. The Court should disregard Plaintiffs' boilerplate allegations and dismiss this defunct claim.

**The Court Should Dismiss Plaintiffs' State Law Claims**

Plaintiffs challenge conduct that allegedly occurred on February 17, 2023, but did not file a complaint until May 16, 2024. Their claims asserted under the New York State Civil Rights Law and New York State Human Rights Law (Fourth and Fifth Causes of Action) are barred by the applicable one-year statute of limitations. *See Bertuzzi v. Copiague Union Free Sch. Dist.*, 2020 WL 5899949, at *21 (E.D.N.Y. Mar. 9, 2020) (NYSHR, *report and recommendation adopted as modified,* 2020 WL 3989493 (E.D.N.Y. July 15, 2020); *Eaton v. Wayne Cent. Sch. Dist.*, 25 F. Supp. 3d 370, 373 (W.D.N.Y. 2014) (citing *Pratt v. Indian River Cent. Sch. Dist.*, 803 F. Supp. 2d 135, 146 (N.D.N.Y. 2011)). Even if not time-barred, these claims fail for the same reasons Plaintiffs' federal claims do: the Amended Complaint does not include any specific factual allegations demonstrating the Wantagh UFSD or any of its employees engaged in any wrongful conduct, much less intentional discrimination.

The Court should dismiss Plaintiffs' negligence claim. Wantagh UFSD owed no special duty to Plaintiffs or any non-student spectators attending the February 17, 2023 basketball game, and Plaintiffs cannot maintain a negligence claim absent a special duty. *See e.g., Jerideau v. Huntington Union Free Sch. Dist.*, 21 A.D.3d 992, 993 (2d Dep't 2005) (Non-student spectators sued the high school and school district to recover for injuries they sustained when they were stabbed during a fight that broke out on school grounds after a football game. The court ruled that the district did not have a special duty to protect non-students, and the fact that the school provided security at the high school did not give rise to such a special duty.); *Curcio v. Watervliet City School Dist.*, 21 A.D.3d 666 (3d Dep't 2005) (Referee alleged he was injured when he was punched by a student during a basketball tournament organized by a nonprofit organization and held at the high school. The court ruled that the plaintiff had no special relationship with the school district, therefore the district was not liable for the referee's injuries.).

Plaintiffs' negligent infliction of emotional distress claim (Third Cause of Action) should be dismissed as duplicative of their other negligence-based claims. *See e.g., PC-41 Doe v. Poly Prep Country Day Sch.,* 590 F. Supp. 3d 551, 571 (E.D.N.Y. 2021) (collecting cases). They also have not alleged the type of outrageous and atrocious conduct required to give rise to such a claim. *See Zhengfang Liang v. Cafe Spice SB, Inc.*, 911 F. Supp. 2d 184, 214 (E.D.N.Y. 2012).

      We look forward to discussing these matters with you at a pre-motion conference.

Respectfully submitted,

SOKOLOFF STERN LLP

*Chelsea Weisbord*

Chelsea Weisbord

cc: all counsel of record [via ECF]