

101 GREENWICH STREET
NEW YORK, NY 10006
(212) 766-1888
FAX (212) 766-3252
WWW.MDAFNY.COM

October 30, 2024

**VIA ECF**
Hon. Joan M. Azrack
100 Federal Plaza
Central Islip, New York 11722

      Re: <u>Wortham et al v. Wantagh Union Free School District, et al.</u> **(Civil No.: 24-cv-03553)**

Dear Judge Azrack:

      This office represents Defendant, Lynbrook Union Free School District ("Lynbrook"), in the above-referenced matter. At this time, Defendant writes to request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Rule 12(b)(1) and (6).

      Plaintiffs have brought the instant action alleging that Lynbrook allowed spectators and people in the bleachers at a basketball game on February 15, 2023, to chant racial slurs and engage in other discriminatory behavior. Plaintiffs allege the following: (1) A violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983; (2) A conspiracy claim under 42 U.S.C. § 1985; (3) Negligent infliction of emotional distress; (4) A violation of New York State Civil Rights Law § 40; (5) A violation of New York State Human Rights Law § 296; and (6) Negligence/Gross Negligence. However: (1) Plaintiffs do not have standing to bring the instant action; (2) Plaintiffs have not sufficiently pled their federal claims; and (3) Plaintiffs' state law claims are time barred.

    i.    **Plaintiffs do not have Standing**

      The law is clear that an organization typically does not have standing to assert the constitutional rights of its members. See <u>Nneve v. Daus</u>, 644 F.3d 147, 156 (2d Cir. 2011). This is because such rights, like those brought under § 1983, are personal to those purportedly injured. <u>Id</u>. See also <u>New York State Citizens Coalition for Children v. Velez</u>, 629 Fed. Appx. 92 (2d Cir. 2015) ("When an organization brings suit under 42 U.S.C. § 1983…this Circuit has held that it must do so on its own behalf, rather than that of its members."); <u>Disability Rts. New York v. New York State</u>, 2024 WL 20753, at *5 (EDNY Jan. 2, 2024) ("a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties"). Thus, to proceed, Plaintiffs have to show Article III standing by demonstrating that they: (a) suffered an injury in fact; (b) that is fairly traceable to the challenged conduct of the defendants; and (c) that is likely to be redressed by a favorable judicial decision. See <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016). To satisfy the "injury in fact" element, Plaintiffs must show that they suffered an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical. <u>Id</u>. at 1548. Here, suit has been brought by the

School District, its Board of Education, the Superintendent and President. However, the allegations against Lynbrook are that during a basketball game on February 15, 2023, spectators were chanting racial slurs at students of Roosevelt High School. There are no allegations of an actual injury sustained by the named plaintiffs. As such, the claims must be dismissed for lack of subject matter jurisdiction. See Strubel v. Comenity Bank, 842 F.3d 181, 187 (2d Cir. 2016).

### ii.     **Plaintiffs have not Sufficiently Pled their Claims**

Even if Plaintiffs had standing, they have not sufficiently pled a claim under §§ 1983 or 1985. Plaintiffs allege in a conclusory fashion that Defendants engaged in an intentional and systematic policy, pattern and/or practice of discrimination against Plaintiffs. They also allege that Defendants acted in concert to commit a violation of their constitutional rights. However, these are merely conclusory allegations based on a single incident, which cannot survive a motion to dismiss.

First, Plaintiffs' § 1983 claim fails as Plaintiffs fail to identify any state action that deprived them of any right secured by the United States Constitution. The Amended Complaint alleges that unidentified spectators and students at a basketball game made the alleged racial comments. Plaintiffs do not allege that any school officials or employees engaged in discriminatory conduct toward them or any of their students, and they did not. See Smith v. Commissioner of Social Security, 2020 WL 2744132 *at 2 (EDNY May 26, 2020) ("To establish a viable section 1983 claim, a plaintiff must show the violation of a right secured by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law."). In addition, Plaintiffs have not demonstrated or plausibly alleged a violation of their constitutional rights by Lynbrook. To make out a viable equal protection claim, Plaintiffs must allege that a government actor intentionally discriminated against them on the basis of their race, which Plaintiffs have failed to plausibly allege. See Z.F.X by Vankesteren v. Riverhead Cent. Sch. Dist., 2021 WL 1238842, at *4 (EDNY April 2, 2021).

In addition, where a substantive due process claim is predicated on the same factual allegations as a separate claim based on another source of constitutional protection, like the Equal Protection Clause, the substantive due process claim must be dismissed. See Z.F.X by Vankesteren, 2021 WL 1238842 at *4. Even so, Plaintiffs do not allege that Lynbrook engaged in the type of arbitrary, shocking or oppressive conduct to trigger such a claim. See A.F. by Fenton v. Kings Park Cent. Sch. Dist., 341 F. Supp. 3d 188, 195 (EDNY 2018).

Since there is no constitutional violation, Plaintiffs' *Monell* claim also fails. See Askins v. Dow No. 1, 727 F.3d 248, 253 (2d Cir. 2013). Regardless, Plaintiffs have failed to plausibly plead a *Monell* claim as against Lynbrook. To make out such a claim, Plaintiffs have to show that their rights were violated and that the violations were caused by a municipal policy or custom, or that an official with final policymaking authority violated their rights. Here, Plaintiffs have failed to plead either, as they fail to allege a policy or custom that led to a constitutional violation, and they fail to identify or allege the involvement of any policymaking officials. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Lee-Walker v. New York City Dep't of Educ., 712 F. App'x 43, 45 (2d Cir. 2017) ("allegations that DOE acted pursuant to its practices, customs, and policies are insufficient to state a plausible *Monell* claim against DOE."). Moreover, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality. See Dellutri v. Elmsford, 895 F. Supp. 2d 555 (SDNY 2012). Here, not only do

Plaintiffs only point to one single instance of alleged discriminatory conduct, but they do not even identify any Lynbrook officials that engaged in such conduct.

Further, to withstand a motion to dismiss on a § 1985 conspiracy claim, Plaintiffs "must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve an unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy." See K.D. ex rel. Duncan v. White Plains School Dist., 921 F. Supp. 2d 197, 208 (SDNY 2013). Plaintiffs "must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Id. at 209. Here, Plaintiffs state in a conclusory fashion that Defendants acted in concert to commit the violation, yet Plaintiffs do not even identify any individuals from Lynbrook that engaged in such acts. Plaintiffs fail to set forth any specific allegations related to any overt acts taken by the school or any of its employees. "It is well settled that claims on conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Id citing Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011); see also Friends of Falun Gong v. Pacific Cultural Enterprise, Inc., 288 F. Supp. 2d 273 (EDNY 2003) (Plaintiff's § 1985 claim was dismissed given the plaintiff's failure to cite facts showing a meeting of the minds). Thus, Plaintiffs' claims under §§ 1983 and 1985 should be dismissed.

### iii.  Plaintiffs' State Law Claims are Untimely

Plaintiffs' state law claims should be dismissed as time barred. Plaintiffs have asserted the following state law claims: (1) Negligent Infliction of Emotional Distress; (2) Violations under the New York State Civil Rights Law § 40; (3) Violations under New York State Human Rights Law § 296; and (4) Negligence/Gross Negligence. The applicable statute of limitations for the New York State Civil Rights and Human Rights Law claims is one year. See Sotomayor v. City of New York, 862 F. Supp. 2d. 226, 249 (EDNY 2012). The incident involving Lynbrook allegedly occurred on February 15, 2023. Therefore, the statute of limitations ran on February 15, 2024. As such, these claims are time barred as the Complaint was not filed until May 16, 2024. Further, the statute of limitations for the negligence claims is one year and ninety days, which means the time period to file expired on May 15, 2024, making these claims time barred as well.

Further, Plaintiffs fail to sufficiently plead such claims, as they make the same conclusory allegations without identifying any discriminatory acts by Lynbrook. Additionally, for the negligence claims, Plaintiffs have not alleged that Lynbrook owed Plaintiffs a special duty, which is required. See Jerideau v. Huntington Union Free Sch. Dist., 21 A.D.3d 992, 993 (2d Dep't 2005). Also, Plaintiffs' negligent infliction of emotional distress claim is duplicative of the negligence claims, warranting dismissal, and Plaintiffs have not alleged the type of outrageous conduct required. See PC-41 Doe v. Poly Prep Country Day Sch., 590 F. Supp. 3d 551, 571 (EDNY 2021); Zhengfang Liang v. Café Spice SB, Inc., 911 F. Supp. 2d 184, 214 (EDNY 2012). Therefore, Plaintiffs' state law claims should also be dismissed.

Thank you for your time and attention to this matter.

Very truly yours,
*/s/* CRISTINA A. SOLLER