# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

November 6, 2024

<u>*VIA ELECTRONIC CASE FILING*</u>
Honorable Joan M. Azrack
United States District Court Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re: *Wortham et al v. Wantagh Union Free School District et al.*
          Docket No.: 2:24-CV-03553-JMA-SIL

Dear Judge Azrack:

  As your records reflect, we are the attorneys representing the Plaintiffs, Wortham et al., in the above referenced action. This letter is in opposition to the Defendants' letter requesting a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Rule 12(b)(1) and (6). Defendants make several arguments regarding Plaintiff's standing, the sufficiency of Plaintiff's pleadings and the timeliness of Plaintiff's pleadings. Below Plaintiff addresses each of Defendants' arguments and demonstrates through the the facts and supporting law, that any such motion would fail.

## Plaintiffs Have Standing

  Defendants are incorrect in their assessment of the law of standing as it pertains to organizations. Organizations typically can assert standing on behalf of their members. "Organizations can establish standing in one of two ways. First, they can demonstrate injury, causality, and redressability in the same way as a traditional plaintiff. [OR] Second, an organization can have representational standing "on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."*Schrader v. Holder*, 831 F. Supp. 2d 304, 308 (D.D.C. 2011), aff'd, 704 F.3d 980 (D.C. Cir. 2013)

  Here, the Organization, Roosevelt Union Free School District and The Board of Education are asserting the right to sue as representatives of themselves as well as on behalf of the class and the students who were adversely affected by the racially motivated attacks that occurred on February 15, 2023 and February 17, 2023. (AC ¶¶ 9-14, 59, 64) The interests of the students are of course "germane" to the "organization" in this instances purpose because the organization is a school and its students are its primary purpose. Lastly, the claims asserted and the relief requested do not require

the participation of the individual members of the organization, particular students, in the lawsuit due to the fact this is a class action and those individuals will be represented by the members of the class.

The represented members of the class, the students, would have standing on their own because they did suffer a concrete and particularized injury in fact as there was an "actual and imminent invasion" of their legally protected interest. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992). An Injury does not have to physical, a violation of ones constitutional rights through something such as discriminatory treatment or action suffices the injury requirement. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381, 144 S. Ct. 1540, 1556, 219 L. Ed. 2d 121 (2024) (An injury in fact can be a physical injury, a monetary injury, an injury to one's property, or an injury to one's constitutional rights, to take just a few common examples.) The actual and imminent invasion of Plaintiffs rights occurred when Defendants refused to protect the Plaintiffs student victims from harassment and discriminatory treatment in violation of §§ 1983, 1985 , 1988 and the First and Fourteenth Amendments of the Constitution by way of allowing their students to violate Plaintiffs students through both verbal assaults and physical action on two separate occasions at sporting events. The injury of having their First and Fourteenth Amendment rights violated would suffice on their own but additionally Plaintiffs suffered emotional harm as a result of both incidents. Defendants contend the hurling of racial slurs in a public place is a not a "concrete and particularized injury" but the use of racial slurs in an educational setting such as a school sponsored sporting event increases the severity of the behavior and the injury that results. *Ervins v. Sun Prairie Area Sch. Dist.*, 609 F. Supp. 3d 709, 722 (W.D. Wis. 2022) (Courts have found the use of racial epitets in schools to amount to severe misconduct). The Plaintiffs satisfy all of the elements of organizational standing and plaintiffs have suffered a concrete and particularized injury of a legally protected interest. (AC ¶¶ 27-36, 38-39, 42-43, 58)

**I.        Plaintiffs Have Sufficiently Pleaded Their Federal Claims**

Plaintiffs have standing and Plaintiffs have sufficiently pleaded their claims. Plaintiffs do not allege conclusory allegations in their complaint and Plaintiffs lay out sufficient facts and circumstances to meet the initial pleading standard of plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). The claims alleged raise a right to relief and assert that it is beyond plausible that Lynbrook and Wantagh School Districts by way of their students and staff engaged in discriminatory and harassing conduct that would entitle Plaintiffs to the relief requested. *Id*. Plaintiffs Federal Claims are certain to survive a motion to dismiss.

**A.        § 1983 14th Amendment**

Plaintiffs § 1983 14th Amendment equal protection claim asserts that the Defendants Wantagh Union Free School District, Lynbrook Union Free School, Nassau County Public High School Athlete Association, failed to protect students after receiving complaints of discriminatory and racist treatment by individuals on their premises who attended the sporting events held at their schools. To state a race based equal protection claim Plaintiffs must allege a state actor discriminated against them on the basis of race. *Z.F.X. by Vankesteren v. Riverhead Cent. Sch. Dist.*, No. CV 20-962

(GRB)(ST), 2021 WL 1238842, at *4 (E.D.N.Y. Apr. 2, 2021) "[C]laims of intentional race discrimination can be based on the 'deliberate indifference' of school boards, administrators, and teachers to invidious 'harassment, in the school environment, of a student by other children or parents." *Id, Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir. 2012) Plaintiffs can satisfy this element by showing that a school official had actual knowledge of the harassment and authority to address the discrimination. *Id*. A school district will be subject to liability for conduct of a third party if the school district can exercise substantial control over the harassing party. *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665 (2d Cir. 2012). School districts have substantial control over their students as they can implement disciplinary proceedings where necessary. *Id*.

Here, Plaintiffs were subject to racially discriminatory treatment by Wantagh Union Free School District and Lynbrook Union Free School due the fact the staff present at the sporting events showed deliberate indifference to the racially motivated actions of their students and spectators. The students of Lynbrook Union Free School were allowed to shout racial slurs at Plaintiffs students and the students of Wantagh Union Free School District were allowed to be blatantly disrespectful to students dawning white shirts, turning their backs and also shouting racial slurs and making derogatory statements directed towards students after rushing onto the basketball court. The staff of both the Wantagh and Lynbrook high school had actual knowledge this was occurring as they were present during the game(s) when these two incidents happened and both games happened within the respective school buildings. Furthermore, the present adults employed by the school districts had the authority to address the discriminatory actions of their students but chose not to.

Additionally, Plaintiffs plead facts sufficient to support a claim of substantive due process. To establish a substantive due process claim Plaintiff must have a constitutionally protected interest and demonstrate a government action that was so egregious it would shock the conscience. *Kirby v. Yonkers Sch. Dist.*, 767 F. Supp. 2d 452, 466 (S.D.N.Y. 2011). Here, Plaintiffs had a constitutionally protected interest in being subject to non discriminatory treatment and the act of school officials allowing student to yell racial slurs at other students while engaging a sporting event is surely conscience shocking. The supporting facts for the substantive due process are different from the equal protection claim as the equal protection claim focuses on the fact of the lack of discipline for the actions of the students while the substantive do process claim focuses on the allowing of the students of Lynbrook and Wantagh to act in a discriminatory manner in the first place. The difference between lack of repercussion and allowance is plain. Furthermore, these claims differentiate from the conspiracy claim later mentioned as the conspiracy claim focuses on the aiding of the discriminatory actions by adults. (AC ¶¶ 15-18, 22, 25-36, 38-39, 42-43, 70-75)

### B. Plaintiffs' Monell Claim is Sufficiently Pleaded

Plaintiffs have sufficiently alleged violations of their 14th Amendment rights and thus the Monell claim is sound. To allege a *Monell* claim a Plaintiff must establish a pattern, practice or policy instituted by a municipality that violated their constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) A municipality can be held liable through a Monell claim for an act committed only once as long as the act was

purposefully sanctioned or ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470, 106 S. Ct. 1292, 1292, 89 L. Ed. 2d 452 (1986) (The "official policy" requirement of *Monell* was intended to distinguish acts of the municipality from acts of the municipality's employees, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible. *Monell* held that recovery from a municipality is limited to acts that are, properly speaking, "of the municipality," i.e., acts that the municipality has officially sanctioned or ordered. With this understanding, it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. If the decision to adopt a particular course of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly). Plaintiffs can satisfy the "pattern practice or policy requirement" by showing that there is a "custom of tolerance or acquiescence of federal rights violations." 84 A.L.R. Fed. 3d Art. 1 (Originally published in 2023) citing 42 U.S.C.A. § 1983. *Mosier v. Evans*, 90 F.4th 541 (6th Cir. 2024) *See also, Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983) (acknowledging that inaction may lead to municipal liability for the "persistent failure to discipline subordinates who violate civil rights" as it can "give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of *Monell*").

Here, Plaintiffs allege there was a policy, pattern and practice that occurred by both Lynbrook and Wantagh school districts when they failed to address the complaints during the games at Lynbrook and Wantagh of discriminatory and racist treatment in violation of the constitutional rights of the Roosevelt District students. Even though Plaintiffs point to one singular incident for each defendant school district, the singular incident is enough to establish a *Monell* claim. (AC ¶¶ 22-33, 43, 68-71)

### C. Plaintiffs' §1985 Conspiracy Claim Is Sufficiently Pleaded

Plaintiffs sufficiently plead their *§ 1985* conspiracy claim. "In a claim based on conspiracy, the facts alleged must show with certainty "particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events would proximately cause injury to plaintiff."*Bodenmiller v. Stanchfield*, 557 F. Supp. 857, 860 (E.D.N.Y.1983). Plaintiffs do not disagree that, "[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed ..." but Plaintiff also recognize that "Diffuse and expansive allegations are insufficient unless amplified by specific instances of misconduct." *Id*.

Here, Plaintiffs plead specific facts and circumstances between the administrators and the students at both the Wantagh and the Lynbrook School Districts to meet the pleading standard for conspiracy based on the plausibility standard necessary to survive a motion to dismiss on this claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Additionally, Defendants contend that Plaintiffs have not individually named any specific individual employees from the district(s) that were present during these incidents as a notable point in support

of their letter(s) but Plaintiffs would not have access to this information until discovery requests so this is a moot point at this juncture. (AC ¶¶ 40, 67, 78-82, 85)

## II. Plaintiffs State Law Claims are Timely

Plaintiffs' claims under New York State Law are timely. Plaintiffs claim for Negligence, Negligent Infliction of Emotional Distress, Negligence Gross Negligence, New York State Human Rights Law (Executive Law) which occurred on February 17, 2023 and after, and then filed on May 16, 2024 are timely. The one year, ninety day limitations period applies to Negligence, Negligent Infliction of Emotional Distress, Negligence Gross Negligence, New York State Human Rights Law (Executive Law) The filing of the Complaint on May 16, 2024 was within 1 year and 90 days of all the actions which occurred after the February 15, 2023 events at the Lynbrook High School.
See Generally *D'Angelo v. City of Lockport*, 2023 WL 6810274 (W.D.N.Y. Oct. 16, 2023), Further, there is no question that the two Districts are the municipalities who are required to indemnify the defendant pursuant to the General Municipal Law or any other statutory provision and are therefore "the real part[ies] in interest." *Ruggiero v. Phillips*, 292 A.D.2d 41, 739 N.Y.S.2d 797, 799–800 (2d Dep't 2002). Thus the timing as to them and their employees who are yet to be fully identified is proper as to the New York state law claims.

### A. Plaintiffs' Negligence/Gross Negligence Claim

Plaintiffs negligence claims against the Wantagh and Lynbrook School District additionally are sufficiently pleaded. Defendants contend that Plaintiffs were not owed a special duty but Plaintiffs asserting organization standing on behalf of their minor students were in fact owed a special duty because schools owe special duties to the children entering their buildings."*LaFrantz v. St. Mary's Roman Cath. Church*, No. 21CV04920NGGCLP, 2024 WL 216718, at *4 (E.D.N.Y. Jan. 19, 2024) (In New York, schools owe a special duty to students, requiring a school to act when a child, while in its charge, is threatened by the negligence of a third party, and it must make reasonable efforts to anticipate such threats and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision.) Every child that was verbally assaulted and harassed due to failures by the employees of both Wantagh and Lynbrook School District to discipline and intervene while students of the Roosevelt School District were victims of discriminatory conduct was owed a special duty. Additionally, the breach of this duty was the actual and proximate harm of the emotional injuries suffered by the children.

The Plaintiffs federal claims and state law claims were sufficiently pleaded, met all legal standards and would survive Defendants' anticipated Motions to Dismiss. (AC ¶¶ 29-33, 36, 39-40, 67, 78-82, 85)

## Conclusion

Having evaluated Defendant's pre-motion letter, Defendants cannot succeed on their motion and their application should be denied. Thank you for your consideration.

                                           Respectfully submitted,
                                           *Frederick K. Brewington*
                                           FREDERICK K. BREWINGTON

FKB.adm
cc: All Counsel by ECF