# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

| | |
|---|---|
| Frederick K. Brewington | Of Counsel |
| Albert D. Manuel III | Oscar Holt III |
| Cobia M. Powell | Jay D. Umans |

December 9, 2024

**VIA ELECTRONIC CASE FILING**
Honorable Joan M. Azrack
United States District Court Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

         Re:    *Wortham et al v. Wantagh Union Free School District et al.*
               Docket No.: 2:24-CV-03553-JMA-SIL

Dear Judge Azrack:

      This office represents Dr. Deborah L. Wortham as superintendent of the Roosevelt Union Free School District, Rose Geitchier, President of the Roosevelt Union Free School District Board of Education, The Board of Education of the Roosevelt Union Free School District, Roosevelt Union Free School District and Students 1-5 as class representatives for themselves and for itself and on behalf of its students. Respectfully, to the degree that Defendant Section VIII of the New York State Public High School Athletic Association (hereinafter "Section VIII") joins in the letters of their co-Defendants, this letter incorporates and reiterates all of the counter arguments raised in the previously submitted letters by Plaintiffs in response.

      In regards to the additional points raised by Defendant Section VIII's position as a corporation does not shield them from §1983 or § 1985 liability. Aside from the fact that their letter cited no law to support any of their additional arguments, the arguments therein were simply incorrect. First, it is incorrect to contend that in the context of a sporting event that providing referees is a limiting factor for the purposes of assessing liability. It is well settled in law that "A municipality or a private corporation can be liable under *Monell* for the single act of an employee with final policymaking authority in the particular area involved. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121–23, 108 S.Ct. 915, 923–24, 99 L.Ed.2d 107 (1988) (plurality opinion); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (plurality opinion); *see also Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728–29 (4th Cir.1999) (applying *Pembaur* to private corporation), *Mejia v. City of New York*, 228 F. Supp. 2d 234, 243 (E.D.N.Y. 2002). The obligation is not on the coaches of the teams. *Trujillo v. Yeager*, 642 F. Supp. 2d 86, 91 (D. Conn. 2009). The referee being an employee with final policy making authority, as it pertains to disciplining players and working with personnel present at games to insure a safe playing environment, actions of failing to impose penalties on the players who participated in the racist and disrespectful behavior are enough to subject Defendant SectionVIII to liability under §1983 and §

1985. The motion should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nogbou v. Mayrose,* 400 Fed.Appx. 617, 619 (2d Cir. 2010) (citation omitted).

In support of their argument that referees being present does not subject them to liability, Section VIII has stated that it has not been alleged that a referee from Section VIII was even present. This is quite frankly a short sighted narrow reading of the Amended Compliant and is an improper argument at this point in the legal process as the Amended Complaint clearly articulates that:

18. Section VIII NCPHSAA, is responsible for oversight of all interscholastic athletic events in Nassau County, also failed to take any preemptive acts or any form of intervention to prevent or stop or curtail the ongoing abuse and acts of intimidation and disrespect of the Roosevelt students which was based on race and color.

30. During the game, the use of the word "nigger" was regularly made by players and spectators towards students of Roosevelt High School and there was no intervention by officials, supervisors or staff from the Wantagh School District or Section VIII NCPHSAA to stop such behavior.

39. Lynbrook, Wantagh and Section VIII NCPHSAA their employees, agents, supervisors, administrator, officials and decision makers failed to address crude and abusive language and gestures by players, spectators, and others which aimed at and directed to Roosevelt students and spectators.(¶¶ 18, 30 and 39 of the Amended Complaint)

Section VIII cannot deny that there was a high school sporting event actively occurring during all times alleged in the Amended Complaint. Nor can they deny that their officials, where certainly present and they were referenced in the Amended Complaint. To even infer otherwise, is an attempt to undercut what a plain reading of the Amended Complaint articulates and fails to acknowledge that the Court, in ruling on a 12(b) (6) motion, in addition to accepting all factual assertions in the complaint as true, a Court must draw inferences in the light most favorable to the Plaintiff. *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

Moreover, since there was a competition taking place between schools, Defendant Section VIII is hard pressed to claim there was no referee present, who were their employees who had the opportunity to intervene to address the racist, derogatory, demeaning, intimidating, disrespectful and emotionally scarring treatment that Plaintiffs faced. In their own letter, Defendants state that Plaintiffs wanted them to take "preemptive" action for "ongoing" conditions, which in itself is an oxymoron. Plaintiffs have sufficiently alleged facts that show that Defendants violated their own policies and practices when they were deliberately indifferent to the treatment of Plaintiffs' students that was ongoing in the vicinity of their employees, who were responsible for overseeing the safe participation of high school students, and imposing penalties when game play is no longer safe.

      Since Section VIII was present at both events in question and had the opportunity and the means to address the abusive, demeaning, racist and disrespectful behavior of players and spectators and failed to do so. Their failure to act, directly contributed and aided in the treatment and harm the Plaintiffs suffered. They failed not only to protect the players to whom they were overseeing, but to guarantee a safe and fair game playing environment for all who attended.

      For these reasons Plaintiffs' §1983 and § 1985 should survive and Defendant Section VIII of the New York State Public High School Athletic Association motion to dismiss should be denied in its entirely.

Respectfully submitted,<br>
*Frederick K. Brewington*<br>
FREDERICK K. BREWINGTON

FKB.CMP
cc: All Counsel by ECF